## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NEXANS INC. and BERK-TEK LLC,   )
         )
        Plaintiffs,    )
         )
      v.          )    C.A. No. 12-1491-SLR-SRF
         )
BELDEN INC., BELDEN     )
TECHNOLOGIES, INC. and BELDEN  )
TECHNOLOGIES, LLC,     )
         )
        Defendants.   )

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Presently pending before the court in this patent infringement action is the motion to stay pending completion of *inter partes* reviews ("IPRs") of plaintiffs Nexans Inc. and Berk-Tek LLC (together, "plaintiffs"). (D.I. 47) By way of their motion, plaintiffs request that the court stay the present action pending the United States Patent and Trademark Office's ("PTO") determination regarding the validity of United States Patent Nos. 6,074,503 ("the '503 patent"), 7,135,641 ("the '641 patent"), 7,977,575 ("the '575 patent"), and 7,663,061 ("the '061 patent") (collectively, "the Belden patents"). For the following reasons, I recommend that the court deny plaintiffs' motion to stay without prejudice to renew pending completion of IPR.[1]

### II.   BACKGROUND

Plaintiffs and defendants Belden Inc., Belden Technologies, Inc. and Belden Technologies, LLC (collectively, "defendants" or "Belden") are Delaware corporations that use,

---

[1] The motion to stay only seeks to stay the case through completion of IPR, which is anticipated in May of 2014, barring a six month extension. Consequently, this Report and Recommendation does not address a stay pending appeal, if any, of the IPR decision.

make, and/or sell data cables. (D.I. 5 at ¶¶ 1-4) On April 3, 2012, defendants sent a letter ("the warning letter") to Berk-Tek LLC ("Berk-Tek"), a division of Nexans Inc.[2] ("Nexans"), accusing Berk-Tek of using defendants' patented technology. (*Id.* at ¶¶ 13-14) In the warning letter, defendants also referenced previous litigation against Superior Essex Inc. and Superior Essex Communications LP (collectively, "Superior Essex"), explaining that, at the conclusion of that litigation, Superior Essex elected to enter into a license agreement, including payment of a royalty. (*Id.* at ¶ 16)

Following receipt of the warning letter, the parties entered into a Protected Communications and Standstill Agreement ("the Standstill Agreement") on June 25, 2012. (*Id.* at ¶ 19) On September 21, 2012 counsel for the parties met in New York City. (*Id.* at ¶ 20) The parties then kept in contact until the Standstill Agreement expired on October 31, 2012. (*Id.* at ¶¶ 21-23)

On November 19, 2012, Nexans filed this declaratory judgment and patent infringement action ("the Delaware action") against defendants. (D.I. 1) The original complaint states claims for declaratory judgment of non-infringement and invalidity of the '503 patent, the '641 patent, and the '575 patent, and affirmatively asserts infringement of United States Patent No. 5,796,046 ("the '046 patent"). (*Id.*) On the same date, plaintiffs filed petitions for IPR of the '503 patent, the '641 patent, and the '575 patent.

On November 21, 2012, two days after Nexans commenced the instant litigation, defendants filed a parallel suit against Nexans in the Southern District of Indiana ("the Indiana action"), alleging infringement of the same three Belden patents asserted in the Delaware action,

---

[2] On April 16, 2013, the parties stipulated to the addition of Berk-Tek as a plaintiff in the action. (D.I. 40)

2

as well as the '061 patent. (D.I. 13 at 2) On the same day, defendants filed a separate action

against Hitachi Cable America Inc. and Hitachi Cable Manchester, Inc. in the Southern District

of Indiana, which also alleged infringement of the Belden patents ("the Hitachi litigation"). (*Id.*)

In an amended complaint filed on December 3, 2012, Nexans added claims for

declaratory judgment of non-infringement and invalidity of the '061 patent. (D.I. 5) On the

same date, plaintiffs filed a petition for IPR of the '061 patent. (D.I. 48 at 3-4) All four petitions

for IPR were granted before June of 2013. (*Id.*)

On August 6, 2013, this court issued a decision denying defendants' motion to dismiss

for lack of subject matter jurisdiction, denying defendants' motion to dismiss the declaratory

judgment claims, and granting plaintiffs' motion to enjoin defendants from prosecuting the

related Indiana action. (D.I. 42) Currently before the court is plaintiffs' motion to stay pending

completion of IPRs. (D.I. 47)

## III.    LEGAL STANDARD

Motions to stay invoke the broad discretionary powers of the court. *Dentsply Int'l, Inc. v.*

*Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990) (citing *Bechtel Corp. v. Laborers' Int'l*

*Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). In exercising its discretion on a motion to stay, the

court generally considers three factors: "(1) whether the granting of a stay would cause the non-

moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear

tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial;

and (3) whether discovery is complete and a trial date set." *Cephalon, Inc. v. Impax Labs., Inc.*,

C.A. No. 11-1153-SLR, 2012 WL 3867568, at *2 (D. Del. Sept. 6, 2012) (quoting *Enhanced*

*Sec. Research, LLC v. Cisco Sys., Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del.

June 25, 2010)).

3

Application of these factors to cases involving IPR proceedings requires consideration of recent changes in the law under the America Invents Act ("AIA"). Specifically, Congress mandated that the United States Patent and Trademark Office (the "PTO") may now only grant IPR proceedings if it believes there is a "reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 314(a), 125 Stat 284 (Sept. 16, 2011). Under the new IPR procedures, the PTO must decide whether to grant review within six months of a petition being filed, and must complete its review and issue a final determination within eighteen months. *Davol, Inc. v. Atrium Med. Corp.*, C.A. No. 12-958-GMS, 2013 WL 3013343, at \*2 (D. Del. June 17, 2013) (citing 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107).

## IV.   ANALYSIS

The first factor the court weighs is undue prejudice to the nonmoving party. Staying a case pending review by the PTO risks prolonging the final resolution of the dispute, but the mere potential for delay is insufficient to establish undue prejudice. *See SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at \*7 (D. Del. Jan. 11, 2013); *Textron Innovations, Inc. v. Toro Co.*, C.A. No. 05-486-GMS, 2007 WL 7772169, at \*2 (D. Del. Apr. 25, 2007). To better gauge the likelihood of prejudice, courts consider several sub-factors, including "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings and the relationship of the parties." *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011).

Courts have expressed reluctance to grant a stay where the timing of the request for PTO review suggests a dilatory intent on the movant's part. *See Belden Techs. Inc. v. Superior Essex Commc'ns LP*, C.A. No. 08-63-SLR, 2010 WL 3522327, at \*2 (D. Del. Sept. 2, 2010) ("A

4

request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.") In the present matter, however, plaintiffs filed the petitions for IPR prior to the filing of the complaints pertaining to those patents. Plaintiffs did not wait for the litigation to move forward or for expenses to accrue before petitioning for IPR. This sub-factor weighs slightly in favor of granting the stay.

Belden argues that plaintiffs are attempting to gain an improper tactical advantage by filing first to secure a Delaware forum, opposing litigation in Indiana and then seeking a stay of the litigation altogether in favor of IPRs. Belden argues that delaying the litigation that plaintiffs initiated on the same date as the IPRs causes greater harm to Belden than plaintiffs would suffer by proceeding with the litigation. This argument supports a denial of the stay at this time.

A delay in filing the motion to stay may also indicate that the movant sought to gain an improper tactical advantage. *See St. Clair Intellectual Prop. Consultants, Inc. v. Sony Corp.*, C.A. No. 01-557-JJF, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003) (noting "the fact that the instant motion was filed after the close of discovery and weeks before the commencement of the scheduled trial date" supported an inference that the defendants were unfairly seeking a tactical advantage). Plaintiffs filed the motion to stay in the instant action soon after the court issued its decision on the motions to dismiss. No substantive litigation took place while the parties awaited the court's decision on the motions to dismiss. To date, fact discovery remains open and the trial is scheduled for December 2015. This sub-factor weighs in favor of granting the stay.

The status of the IPR proceedings also affects the court's decision regarding whether to stay the litigation. In the present case, IPR was granted, and the PTO is statutorily obligated to complete its review and issue a final determination by the end of May 2014. Requiring the

5

parties to continue with discovery may inevitably result in some measure of efforts which
potentially might not be relevant to the outcome of the pending litigation depending upon the
IPR determination.  However, if the IPR proceeds on course to a final determination in May of
2014, it is unlikely that such efforts would be unduly burdensome or unproductive to the
litigation given that discovery under the present scheduling order is not set to conclude until
February 13, 2015.  (D.I. 56)  Given the substantial amount of time before the close of discovery
and the short window of time before the PTO issues its decision in the IPRs, this factor does not
weigh in favor of a stay.

    With respect to the relationship of the parties, defendants allege that they will be
prejudiced because the parties are direct competitors.  Courts are hesitant to grant a stay in a
matter where the parties are direct competitors.  *See Davol, Inc. v. Atrium Med. Corp.*, C.A. No.
12-958-GMS, 2013 WL 3013343, at *3 (D. Del. June 17, 2013).  In such cases, "there is a
reasonable chance that delay in adjudicating the alleged infringement will have outsized
consequences to the party asserting infringement has occurred, including the potential for loss of
market share and an erosion of goodwill."  *Neste Oil Oyj v. Dynamic Fuels, LLC*, C.A. No. 12-
662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) (quoting *SenoRx, Inc.*, 2013 WL
144255, at *5).  The presence of multiple active firms in the relevant market, however, may
decrease the likelihood of such harm befalling the patentee.  *Id.* at *3; *Air Vent, Inc. v. Owens
Corning Corp.*, C.A. No. 10-1699-TFM, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012).  In
the present case, defendants have failed to show that the parties are the only two participants in
the relevant market.[3]  This sub-factor does not weigh substantially in favor of a stay.

_____

[3] Plaintiffs dispute the assertion that they are "direct competitors" of Belden.  (D.I. 52 at 5-7)  As
in *Helicos Biosciences Corp. v. Pacific Biosciences of California*, no specific finding on that

6

Having determined that the foregoing factors do not weigh in favor of a stay through the end of May 2014, the court next considers whether a stay will simplify the issues for trial. When a claim is cancelled in a parallel proceeding before the PTO, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). A stay of the litigation is generally practical given the PTO's determination that the claims under review will likely change. *See Softview LLC v. Apple Inc.*, C.A. No. 12-989-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013). Contrary to defendants' contentions, a complete overlap of the issues in the litigation and the IPR is not required to establish simplification of the case. *See Neste Oil*, 2013 WL 3353984, at *5 n.4 ("issue simplification" factor does not require complete overlap).

Receiving a determination from the PTO early in the discovery phase of the pending case weighs against a stay. The parties will have nearly a year remaining to tailor further proceedings based on the outcome of the IPRs, without disruption to the present scheduling order. Although a determination by the PTO could ultimately simplify the issues before the court, the amount of infringement discovery that needs to be taken will not be substantially affected if any of the claims survive IPR because Belden has accused all five Nexans cables of infringing three of the four patents-in-suit. The extent of discovery on invalidity of the patents in suit may be reduced or eliminated depending upon whether plaintiffs will be estopped from relying on any grounds for invalidity that it raised or could have raised during IPR. *See* 35 U.S.C. § 315(e)(2). Consequently, this factor weighs against a stay.

---

point will be made at this time other than to find, for purposes of the pending motion, that plaintiffs are "market participants." C.A. No. 10-735-SLR, 2011 WL 6299761, at *3 n.9 (D. Del. Dec. 16, 2011).

Finally, the procedural posture of the case weighs against a stay. The IPR proceedings are scheduled to be complete by the end of May 2014. The fact discovery deadline is set for September 2014, and trial is not scheduled to occur until December 2015. (D.I. 56) Denying a stay until the PTO makes a final determination, anticipated in May 2014 would not significantly alter the course of discovery over the next three month period. The potential benefits of reduced discovery are not likely to be so significant to the parties that they warrant taking this case off of its present scheduling track. On balance, having considered the unique facts of this case, the factors weigh against a stay.

## V.    CONCLUSION

For the foregoing reasons, I recommend that the court deny plaintiffs' motion to stay. (D.I. 47) The denial is without prejudice to the plaintiffs to renew the motion pending an extension of the IPR proceedings and/or the outcome of the IPRs.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order For Objections Filed Under Fed. R.

Civ. P. 72, dated October 9, 2013, a copy of which is available at

http://www.ded.uscourts.gov/court-info/local-rules-and-orders/general-orders.

Dated: February 19, 2014

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

9