# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

NEXANS INC. and BERK-TEK LLC,       )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )  Civ. No. 12-1491-SLR/SRF
                                    )
BELDEN INC., BELDEN                 )
TECHNOLOGIES, INC., and BELDEN      )
TECHNOLOGIES, LLC,                  )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

At Wilmington this 26th day of May, 2017, having reviewed plaintiffs' motion for

attorney fees and costs, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 103) is denied, for the reasons that follow:

1. **Background.** Plaintiffs Nexans, Inc. and Berk-Tek LLC (collectively, "Berk-

Tek") manufactures and sells an extensive range of telecommunications cables and

cabling systems. Defendants (collectively, "Belden") also offer cables and cabling

systems for purchase. (See D.I. 49 at 5) In prior litigation, Belden asserted certain of

its patents[1] against Superior Essex Communications LP and LS Cable LTD;[2] at the

---

[1]U.S. Patent Nos. 6,074,503 ("the '503 patent"); 7,135,641 ("the '641 patent");
7,663,061 ("the '061 patent"); and 7,977,575 ("the '575 patent").

[2]Belden Techs. Inc. v. Superior Essex Commc'ns LP, Civ. No. 08-63-SLR (D.
Del.); Belden Techs. Inc. v. LS Corp., Civ. No. 08-823-SLR (D. Del.); Belden, Inc. v.
Superior Essex, Inc., Civ. No. 11-678-SLR (D. Del.); Belden, Inc. v. LS Corp., Civ. No.
10-5476-ES-CLW (D.N.J.).

same time, *inter partes* reexamination proceedings were instituted by Superior Essex in connection with the '641, '575, and '061 patents. Claim 1 of the '503 patent and claim 13 of the '641 patent were invalidated by this court in *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555 (D. Del. 2011). On November 9, 2011, Belden and Superior Essex filed a joint motion to "Vacate Judgment and Subsequently Enter Consent Final Judgment." (Civ. No. 08-63-SLR, D.I. 328) Based on the settlement, Belden also filed petitions to terminate the pending reexaminations, which were subsequently granted. (D.I. 107, exs. A-C)

2. Soon thereafter, Belden sent a demand letter to Berk-Tek. (D.I. 27, ex. A) The demand letter identified multiple Berk-Tek products as being "covered by Belden's patents" and demanded that Berk-Tek make "restitution" and either "cease infringing or enter into an appropriate license agreement." (*Id.*) The letter added: "As you may know, Belden has in the past been required to enforce its [intellectual property] rights. As a result of that effort, Belden has secured judgments that certain of its patents are . . . infringed by Superior Essex." (*Id.*) Belden and Berk-Tek entered into a "standstill agreement," which expired on October 31, 2012. During the term of that agreement, Belden provided Berk-Tek with claim charts accusing the Berk-Tek copper product line of infringing the '503, '641, and '575 patents. (D.I. 27, ex. D) Berk-Tek filed the instant declaratory judgment action on November 19, 2012. Two days later, Belden filed mirror-image complaints against Berk-Tek and Hitachi Cable in the Southern District of

Indiana,[3] generating a motion practice in both courts.[4] Thereafter, the instant action was jointly stayed pending the outcome of the new round of *inter partes* review instituted in the PTO by Berk-Tek.[5] In the spring of 2014, the PTO invalidated all of the asserted claims of the '503, '641, '575, and '061 patents. (D.I. 107, exs. F-I) Belden did not appeal the PTO's decision regarding the '641 patent, but did appeal the remaining decisions. The Federal Circuit affirmed all of the PTO's invalidity findings.[6] Thereafter, the parties filed a joint motion to dismiss all claims and counterclaims with prejudice in this case, which motion was granted by the court. (D.I. 100, 101) Aside from the motion practice described above, Berk-Tek did not have to respond to any discovery requests or engage in the claim construction exercise.

3. **Standard of review.** Section 285 of Title 35 of the United States Code provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). The court first determines whether the case is exceptional and, if so, whether an award of attorney fees is justified. *Id.* at 915-16 (citations omitted). The Supreme Court has defined "an

---

[3]*See Belden Inc. v. Nexans Inc.*, Civ. No. 12-1722 (S.D. Ind.); *Belden Inc. v. Hitachi Cable America Inc.*, Civ. No. 12-1724 (S.D. Ind.).

[4]*(See, e.g.,* D.I. 12, 18, and 24)

[5](D.I. 85) The court notes in this regard, however, that Belden opposed the first motion to stay filed by Berk-Tek, generating yet another round of briefing.

[6]*See Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064 (Fed. Cir. 2015); *Belden Inc. v. Berk-Tek LLC*, 610 F. App'x 997 (Fed. Cir. 2015).

3

'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2014).

4. District courts should consider the "totality of the circumstances" and use their discretion to determine on a case-by-case basis whether a case is "exceptional." *Id.* "[A] 'nonexclusive' list of 'factors,' [to consider] includ[es] 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6. Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757. A party seeking attorney fees under § 285 must prove the merits of their contentions by a preponderance of the evidence. *Id.* at 1758.

5. **Analysis.** In reviewing the proceedings relating to the above captioned case, it is important to note that it was Berk-Tek - not Belden - who initiated the instant litigation, and it was Berk-Tek - not Belden - who filed the IPRs. Indeed, although the court denied Belden's motion to dismiss, in its related decision the court observed that there was "no evidence of record that Nexans had received any concrete indications of an imminent lawsuit." (D.I. 42 at 10) The court understands that Belden tried to

4

change venue initially and that this trial strategy generated work for both the court and Berk-Tek. Deciding the proper venue in the opening skirmishes of a case is typical - not exceptional - in the court's experience. Likewise, the question of whether to stay litigation pending review by the PTO is a typical, not exceptional, part of the court's pre-trial practice. The litigation was stayed at a relatively early stage of the pretrial process, and the work generated by Belden's litigation strategy was not exceptional.[7]

6. **Conclusion.** For the reasons stated, the court declines to exercise its discretion in awarding fees and costs pursuant to 35 U.S.C. § 285, as the case was not exceptional.

Senior United States District Judge

---

[7]The circumstances at bar are far removed from those attendant to what the court has deemed exceptional, that is, when a party not only uses every litigation tool available pre-trial, trial, and post-trial, but moves to reargue decisions made by the court, thus multiplying the work and making it that much more difficult to move the case forward to resolution.

5